UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN CARLOS LASALLE-CONCEPCIÓN, et al.,

    Plaintiffs,

    v.

PEDRO TOLEDO-DÁVILA, et al.,

    Defendants.

Civil No. 07-1647 (JAF)

**OPINION AND ORDER**

Plaintiffs, Juan Carlos Lasalle-Concepción, Lizette De La Cruz-López, and their conjugal partnership; and Samuel Antonio Vélez-Lugo, Elba Iris Méndez-Jiménez, and their conjugal partnership; bring this civil rights action under 42 U.S.C. § 1983 (2006) against Defendants, Pedro Toledo-Dávila, in his personal and official capacities; the Commonwealth of Puerto Rico Police Department ("PRPD"); and John Doe and Jane Roe, police officers or civilian employees of PRPD alleged to have participated in or acquiesced to the violation of Plaintiffs' civil rights. Docket Document No. 1. Defendant Toledo-Dávila moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on behalf of himself and PRPD. Docket Document No. 13. Plaintiffs oppose. Docket Document No. 16.

**I.**

**Factual and Procedural Synopsis**

Unless otherwise indicated, we derive the following factual summary from the complaint. Docket Document No. 1. As we must, we "accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 62 (1st Cir. 2004).

Vélez-Lugo suffered an accident while working as a police officer with PRPD. Between December 1996 and May 1997, he received medical treatment from the State Insurance Fund Corporation ("FSE"), Puerto Rico's medical service and workers' compensation provider for employees injured on the job. See 11 L.P.R.A. § 1b (2007). He apparently did not return to work after the accident. PRPD terminated him effective February 23, 1999, due to his alleged physical incapacity and because he had been out of work for more than twelve months.

Lasalle-Concepción also suffered an accident while working as a police officer with PRPD. Lasalle-Concepción received medical treatment from FSE between November 1997 and October 1998. He apparently did not return to work after the accident. PRPD terminated him effective September 16, 1999.

Each Plaintiff appealed his termination before the board of appeals of the Personnel System Administration ("JASAP") and obtained a reversal. PRPD then appealed JASAP's decision before the Puerto

Rico Court of Appeals, which reversed, affirming PRPD's decision to terminate Plaintiffs.

After recuperating from their medical conditions, both Plaintiffs requested that they be evaluated by PRPD's Medical Evaluation Board, which is authorized by Puerto Rico law to certify police officers as fit to return to work.  25 L.P.R.A. § 3118 (1999). On May 1, 2001, the Medical Evaluation Board certified that Lasalle-Concepción was fit to return to work. At some point, the Medical Evaluation Board also certified Vélez-Lugo as fit to return to work. Defendants did not reinstate Plaintiffs following these certifications of fitness.

On December 21, 2004, then-Police Superintendent Agustín Cartagena ordered the Medical Evaluation Board to reevaluate Plaintiffs to determine their fitness to be reinstated. On December 27, 2004, the Medical Evaluation Board again certified that each Plaintiff was fit to return to his position.  On December 30, 2004, the director of the Medical Evaluation Board informed Agustín Cartagena of these results.

In a letter dated July 19, 2005, Toledo-Dávila, the new Police Superintendent, informed Plaintiffs that PRPD had decided not to rehire them because their medical conditions did not allow them to perform their duties as officers.

On July 19, 2007, Plaintiffs filed the instant complaint in federal district court, alleging that Defendants violated Plaintiffs'

Civil No. 07-1647 (JAF)                                                -4-

rights under 42 U.S.C. § 1983 and Puerto Rico law. Docket Document No. 1. On October 1, 2007, Defendant Toledo-Dávila moved to dismiss, Docket Document No. 13, and on November 9, 2007, Plaintiffs opposed. Docket Document No. 16.

**II.**

**Motion to Dismiss Standard Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him, based solely on the pleadings, for the plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss, "[w]e begin by accepting all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [nonmovant]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); see also Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). We then determine whether the plaintiff has stated a claim under which relief can be granted.

A plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-15 (2002). We note that in order to survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." Rodríguez-Ortiz v.

Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1967 (2007)).

### III.

### **Analysis**

Defendants argue that Plaintiffs fail to state a claim under § 1983 because Plaintiffs had no property interest in employment with PRPD as required by the Fourteenth Amendment. Docket Document No. 13. Plaintiffs counter that Puerto Rico law confers upon injured police officers the right to be reinstated once they are certified as fit by the Medical Evaluation Board. Docket Document No. 16.

Under the Due Process Clause of the Fourteenth Amendment, public employees who possess a property interest in continued employment "cannot be deprived of that interest without due process of law." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5 (1st Cir. 2000). Such property interests are generally created and defined by state law. Id.

Puerto Rico law provides that a police officer may be terminated for physical or mental disability. 25 L.P.R.A. § 3117 (1999). "Should the physical or mental disability disappear, said member of the Force may be reinstated to service upon certification of the Medical Evaluation Board." Id. (emphasis added).

Plaintiffs argue that 25 L.P.R.A. § 3117 grants a disabled police officer the right to be reinstated once his disability disappears and he is certified as fit by the Medical Evaluation

Board. Docket Document No. 16. However, the statute states only that the officer "may" be reinstated; it does not establish a right of reinstatement. See 25 L.P.R.A. § 3117.

Accordingly, we find that Plaintiffs do not have a property interest in reinstatement and we dismiss Plaintiffs' § 1983 claims against all Defendants.

Having dismissed Plaintiffs' federal claims, we decline to exercise supplemental jurisdiction over their associated Commonwealth claims. See Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992) (citing Cullen v. Mattaliano, 690 F. Supp. 93, 99 (D. Mass. 1988)).

## IV.

## Conclusion

In accordance with the foregoing, we hereby **GRANT** Defendant's motion to dismiss, Docket Document No. 13, and **DISMISS** Plaintiffs' complaint in its entirety. We dismiss Plaintiffs' federal claims **WITH PREJUDICE** and dismiss Plaintiffs' Puerto Rico law claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of March, 2008.

                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge